**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Karen K. Baber, Appellant,

v.

Summit Funding, Inc., Appraisal Innovations, LLC, Brian L. Blue, The Gillen Law Firm, P.A., Michael F. Gillen, Allen Tate Co., Inc., Colleen Coesens, Jonathan Garvey, Robert Ouzts, Connie Delaney, and Gloria Long-Robinson,

Of Which Summit Funding, Inc., Allen Tate Co., Inc., Collen Coesens, Jonathan Garvey, Robert Ouzts, Connie Delaney, and Gloria Long-Robinson are the Respondents.

Appellate Case No. 2019-001440

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2023-UP-064
Submitted November 1, 2022 – Filed February 22, 2023

**AFFIRMED**

Glenn E. Bowens, of The Bowens Law Firm, PC, of Winnsboro, for Appellant.

Thomas Lynn Ogburn, III, of Poyner Spruill, LLP, of Charlotte, North Carolina, for Respondents Allen Tate Co., Inc., Collen Coesens, Jonathan Garvey, Robert Ouzts, and Connie Delaney.

Susan Elizabeth Driscoll, of Driscoll Sheedy, P.A., of Charlotte, North Carolina, for Respondent Summit Funding, Inc.

---

**PER CURIAM:** Karen K. Baber sued her realtor and several others, including Summit Funding, Inc. (Summit); Allen Tate Co. Inc (Allen Tate); Collen Coesens; Johnathan Garvey; Robert Ouzts; Connie Delaney; and Gloria Long-Robinson,[1] alleging various causes of action arising from her 2015 purchase of a house. Baber appeals the circuit court's orders (1) granting summary judgment to Allen Tate, Coesens, Garvey, Ouzts, and Delaney (collectively, the Allen Tate Respondents); (2) granting summary judgment to Summit; and (3) denying Baber's motion to reconsider. We affirm.

## I. FACTS

In 2014, Baber began her search for a house, and she signed a contract to exclusively work with Allen Tate, a North Carolina real estate company. From January 9–11, 2015, Garvey, a real estate agent with Allen Tate, and Baber exchanged emails about a house in Rock Hill (the Property). In the emails with Garvey, Baber acknowledged several issues with the Property, and Garvey sent Baber a copy of the South Carolina Residential Property Condition Disclosure Statement (the Disclosure Statement) for the Property. In the Disclosure Statement, Long-Robinson, the seller of the Property, disclosed she was aware of numerous issues with the Property, but she did not respond to questions related to termites, dry rot, or fungus.

Summit subsequently pre-approved Baber for a Federal Housing Administration (FHA) mortgage for the Property contingent on several requirements, including an appraisal and a "termite report if applicable." On February 18 and 19, 2015, Baber and Long-Robinson entered into a contract for the sale of the Property for $145,000. The contract provided it was contingent on Baber receiving funding from Summit and the Property being appraised for at least the purchase price. The contract

---

[1] Because Long-Robinson is not involved in any of the orders on appeal, we dismiss her from this appeal.

contained a wood infestation report provision, stating the contract was contingent on Baber obtaining a wood infestation report, and if she failed to do so, she waived "any and all rights under the terms of this section." The contract also allowed Baber to inspect the Property at her own expense and to notify Long-Robinson in writing of needed repairs, but the contract stated if Baber did not complete such an inspection, she "waived any and all rights under terms of this section. If [Summit's] commitment require[d] any additional inspections or certifications, these [were] to be provided by" Baber. The contract provided the Property was being sold "as-is, where-is, with all faults." Baber signed a walk-through acknowledgement on February 18, 2015, stating she had walked through the Property, the Property was in the same condition as when the contract was signed, and she accepted the repairs and condition of the Property.

On May 27, 2015, the Gillen Law Firm, P.A (Gillen Law), the law firm performing the closing of the Property, emailed Baber asking if a termite and home inspection had been completed. Baber responded she "didn't have termite inspection done" but "did inspection/appraisal and that has been paid for." After this email conversation, Gillen Law finalized and Summit approved the Department of Housing and Urban Development (HUD) statement for the sale of the Property. The termite and home inspection lines on the HUD statement were removed, and in her deposition, Baber admitted she was never charged for such inspections. On May 29, 2015, Baber and Long-Robinson closed on the Property and recorded a promissory note and mortgage from Summit to Baber. Baber also signed a professional services disclosure and election form, indicating Gillen Law performed the closing and Summit was her mortgagee but leaving the spaces for home and pest control inspections blank.

On June 29, 2015, Baber met with Garvey, Ouzts, and Coesens, the agent who ran Allen Tate's Rock Hill office, to discuss issues she had with the Property. During the meeting, Allen Tate offered to pay Baber $409 for the cost of a home warranty if Baber signed a waiver releasing all claims against Allen Tate and its agents. The following day, Baber purchased the home warranty, Allen Tate paid her the $409, and Baber signed a general release, releasing:

> Allen Tate Co, Inc., its parent entities, predecessors, successors and assigns, officers, directors, brokers, agents, employees and related and affiliated companies, from any and all, and all manner of disputes, actions, claims, demands, and liabilities whatsoever in law or equity, including complaints to any professional association and/or commission, and claims for contribution and indemnification, arising from and by reason of any and all

known and unknown, foreseen and unforeseen, injuries and damages, and the consequences thereof, related to and associated with the Offer to Purchase and Contract dated February 15, 2015 and any and all transactions and circumstances regarding the [P]roperty.

On May 29, 2018, Baber filed a pro se verified complaint, alleging several claims against Summit; the Allen Tate Respondents; Long-Robinson; and several others. As to Summit, Baber raised causes of action for mutual mistake, unilateral mistake, promissory estoppel, and breach of contract/declaratory relief.[2] As to the Allen Tate Respondents, Baber raised causes of action for fraud, conspiracy to defraud, negligent misrepresentation, professional negligence, and declaratory relief. Baber's claims all involved allegations that (1) the Allen Tate Respondents and Summit told her prior to closing that termite and home inspections had been completed and that such inspections were required for her loan from Summit, and (2) she would not have closed on the Property had she known such inspections were not completed.

On August 8, 2018, the Allen Tate Respondents sent Baber requests for admission, and Baber was required to respond by September 12, 2018. The Allen Tate Respondents asked Baber to admit, among other things, that she knew no termite inspection, CL-100 report, or home inspection other than the appraisal had been done before she closed on the Property and to admit she told the Allen Tate Respondents she did not want to pay for a termite inspection or home inspection. Baber did not respond, and on October 25, 2018, the Allen Tate Respondents sent a letter to Baber asking her to respond by November 9, 2018, or they would file a motion to compel. Baber responded on November 2, 2018, stating she never received the original discovery request and noting she had experienced several medical issues from July to September. Baber stated she would try to respond to the request by November 27, 2018, but noted she might need additional time due to her medical issues. The Allen Tate Respondents filed a motion to compel. Baber answered the request for admissions on November 27, 2018, denying the admissions noted above.

The Allen Tate Respondents and Summit both filed a motion for summary judgment. The circuit court granted summary judgment to Summit and the Allen Tate Respondents in two separate orders. In the first order, the circuit court held the Allen Tate Respondents were entitled to summary judgment because (1) Baber knowingly

---

[2] With the exception of the breach of contract/declaratory relief cause of action, Baber's claims against Summit have been dismissed and are not before this court on appeal.

signed the general release of her claims against them and (2) by failing to respond to the requests for admission, Baber admitted she knew no home or termite inspections were performed and that she did not wish to pay for such inspections. In the second order, the circuit court found Summit was entitled to summary judgment because (1) the National Housing Act (NHA)[3] did not create a private right of action for breaches of regulations; (2) even if such a private right of action existed, the statute of limitations in this case ran before Baber filed her complaint; and (3) Summit did not breach its contractual obligations to Baber as it funded the loan. Baber filed one motion to reconsider both of the circuit court's orders. The circuit court denied the motion. This appeal follows.

## II. DISCUSSION

Although Baber raises several issues on appeal regarding the appropriateness of summary judgment, she failed to appeal several of the circuit court's grounds for granting summary judgment to the Allen Tate Respondents and Summit. Specifically, as to the Allen Tate Respondents, Baber failed to appeal the circuit court's rulings that they were entitled to summary judgment because (1) Baber knowingly signed the general release and gave up her claims against them and (2) Baber failed to respond to their requests for admission, resulting in Baber's admission that she knew termite and home inspections were not done prior to closing on the Property. As to Summit, Baber failed to appeal the circuit court's holdings that Summit was entitled to summary judgment because (1) the NHA did not create a private right of action for alleged breaches of regulations and (2) even if such a private right of action existed, the statute of limitations in this case expired before Baber filed her complaint. Because Baber failed to appeal these grounds for the circuit court's grant of summary judgment to the Allen Tate Respondents and Summit, they are the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."). Moreover, under the two-issue rule, Baber's failure to appeal several of the circuit court's grounds for granting summary judgment to the Allen Tate Respondents and Summit is dispositive of this appeal, and we must affirm. *See Skywaves I Corp. v. Branch Banking & Tr. Co.*, 423 S.C. 432, 451, 814 S.E.2d 643, 653–54 (Ct. App. 2018) ("Under the two[-]issue rule, whe[n] a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case." (alterations in original) (quoting *Jones v. Lott*, 387 S.C. 339,

---

[3] 12 U.S.C. § 1701 *et seq*. (2018) (creating the FHA, which was ultimately incorporated into HUD).

346, 692 S.E.2d 900, 902 (2010), *abrogated on other grounds by Repko v. Cnty. of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018))). Therefore, we need not address Baber's appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when the disposition of another issue is dispositive). Accordingly, we affirm the grant of summary judgment to both Summit and the Allen Tate Respondents.

**AFFIRMED.**[4]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.